UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ANGELIQUE N. THOMPSON

VERSUS

COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 14-392-JWD-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 5, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANGELIQUE N. THOMPSON

VERSUS

COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 14-392-JWD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Dismiss filed by defendant Carolyn W. Colvin, the Acting Commissioner of Social Security. Record document number 7. No opposition or other response has been filed.

Plaintiff Angelique W. Thompson filed a *pro se* complaint for judicial review of a final decision of the Commissioner under 42 U.S.C. § 405(g). Plaintiff's Motion to Proceed in Forma Pauperis was granted, the plaintiff was ordered to promptly provide a completed Form 285 to the U.S. Marshal for each defendant to be served (three in this case since the defendant is a federal official), and the U.S. Marshal was ordered to serve the complaint. According to the defendant's motion, the plaintiff never returned a completed Form 285 to the U.S. Marshal, nor has process ever been served on the United States Attorney for the Middle District of Louisiana. Therefore, the defendant argued this action should be dismissed under Rule 4(m), Fed.R.Civ.P., and Rules 12(b)(2) and (5), Fed.R.Civ.P., for lack of personal jurisdiction and failure to serve the complaint.

Based on a review of the record, and the applicable law and analysis which follows, the defendant's Motion to Dismiss should be granted.[1]

**<u>Applicable Law</u>**

Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. FN3

Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. Morever, even if good cause is lacking, the court has discretionary power to extend time for service. Such relief may be warranted if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

To establish good cause, a plaintiff has the burden of demonstrating at least as much as would be required to show excusable neglect. Simple inadvertence or mistake of counsel or

---

[1] Because dismissal is appropriate under Rule 4(m), it is unnecessary to address the defendant's additional argument based on a lack of personal jurisdiction under Rule 12(b)(2).

ignorance of the rules usually does not suffice. In addition, some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required. It is irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985); *Newby v. Enron Corp.*, 284 Fed.Appx. 146, 149 (5th Cir. 2008).

## Analysis

A review of the record and the declarations[2] provided by the defendant establish that the plaintiff failed to timely serve the defendant as required by Rule 4(i)(1), Fed.R.Civ.P.[3] It has been seven months since the plaintiff filed her complaint and the in forma pauperis order was issued, and there is still no evidence in the record service - either proper service under Rule 4(i)(1) or otherwise - on the defendant. Rule 4(m) requires the court to extend the time for service if the plaintiff shows good cause for the failure to serve. Plaintiff has not come forward with any information to demonstrate good cause. Even though the rule gives

---

[2] Record document number 7-2, Declaration of Danielle S. Lacy; record document number 7-3, Declaration of Janice H. Johnson.

[3] Rule 4(i) sets out the requirements for proper service on the United States and its agencies, corporations, officers or employees.

the court discretion to extend the time for service if the plaintiff does not show good cause, based on the record such a discretionary extension of the time for service is not warranted.

In the seven months since the plaintiff was granted in forma pauperis status, the plaintiff failed to take any action to accomplish service. Plaintiff also failed to file any opposition or response to the defendant's Motion to Dismiss. There is no basis to find that the plaintiff did not receive notice of the defendant's motion, the in forma pauperis order, or the requirement to complete the Form 285. The record reflects that the plaintiff was sent notice by mail at the address she provided and there is no evidence that any of the notifications were returned. Thus, the plaintiff had proper notice. Her failure to take any action in this case since she filed it on June 26, 2014, and her failure to file any response to this motion, support the conclusion that the failure to serve the defendant is the fault of the plaintiff and no one else, and that she is no longer interested in pursuing her appeal of the Commissioner's decision under § 405(g).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's Motion to Dismiss be granted.

Baton Rouge, Louisiana, February 5, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE